IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINCE SLADE JACKSON, ) <br> ID # 1884960, ) <br>       Petitioner, ) <br> vs. ) <br> ) <br> LORIE DAVIS,[1] Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>       Respondent. ) | No. 3:15-CV-3696-D (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Vince Slade Jackson (Petitioner) challenges his conviction for aggravated robbery. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.   Procedural History**

On November 7, 2012, the State indicted Petitioner for aggravated robbery in Cause No. F12-11883. (Doc. 19-3 at 43.)[2] On September 20, 2013, he pleaded guilty and was convicted in the 292nd Judicial District Court of Dallas County, Texas, and he was sentenced to 10 years' imprisonment. (*Id*. at 50.)  He did not appeal. (*Id*. at 4); *see* www.txcourts.gov (search for

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.  Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner).

Petitioner's state habeas application was signed on November 17, 2014, and received by the state court on November 24. 2013.  (Doc. 19-3 at 5, 13.)  It was denied without written order on July 8, 2015.  (Doc. 19-1); *see Ex parte Jackson*, WR-83,404-01 (Tex. Crim. App. July 8, 2015).

**B.    Substantive Claims**

Petitioner's federal petition raises the following grounds:

1.   Counsel was ineffective because he:

   (a) failed to obtain a plea agreement;

   (b) was unprepared;

   (c) failed to argue that there was no evidence of a robbery;

   (d) failed to advise Petitioner about his right to appeal;

   (f) failed to file a notice of appeal;

2.   The State committed a breach of contract because Petitioner received a harsher sentence than the sentence agreed to by the State;

3.   The indictment was defective;

4.   The evidence was insufficient to support the conviction.

(*See* doc. 2 at 6-7; 3 at 8-13.)  Respondent contends that the petition is barred by the statute of limitations.  (*See* doc. 17.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act

substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.    Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[3] Because Petitioner did not appeal the September 20, 2013 judgment, it became final thirty days later, on October 20, 2013. See Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). That day was a Sunday, so the last day to file an appeal was Monday, October 21, 2013. See Tex. R. App. P. 4.1. Accordingly, he had until October 21, 2014, to file his federal

---

[3] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

habeas petition, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Here, Petitioner filed his state habeas application on November 17, 2014, after the limitations period had already expired, so he is not entitled to statutory tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).  Petitioner filed his § 2254 petition on November 17, 2015, the date that it was mailed.[4]  It is therefore untimely.

**C.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

**D.     Actual Innocence**

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 1935-36.

To the extent that Petitioner's claim that there was insufficient evidence that he committed the robbery can be construed as a claim of actual innocence, his factual assertions are based on

5

evidence that was available when he pled guilty, not new evidence. He has not presented a credible claim of actual innocence sufficient to overcome the limitations bar.

## IV. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 26th day of October, 2017.**

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE